THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNIE MICKELL, :
:
Plaintiff, :
v. : 3:19-CV-1730
: (JUDGE MARIANI)
JUDGE VITO P. GEROULO, et al., :
:
Defendants. :

## ORDER

AND NOW, THIS ___ DAY OF OCTOBER, 2019, upon *de novo* review of Magistrate Judge Saporito's Report and Recommendation ("R&R") (Doc. 4), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Docs. 6, 7) are **OVERRULED**. Although Plaintiff asserts that Judge Geroulo "is prohibit[ed] from concealing behind immunity" (Doc. 6, at ¶ 5), Plaintiff's Complaint fails to allege "enough facts [against Judge Geroulo] to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or to set forth any "[f]actual allegations . . . enough to raise a right to relief above the speculative level," *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) which may serve as a basis to divest Judge Geroulo of judicial immunity.[1] Furthermore, Plaintiff's reliance on *Forrester v. White*, 484 U.S.

---

[1] To the extent that Plaintiff's other Objections appear to be directed at the Court not serving Plaintiff's Complaint on all Defendants (*see generally* Doc. 7) and Magistrate Judge Saporito issuing a recommendation that Judge Geroulo be dismissed prior to service of the Complaint on Judge Geroulo and his filing of a motion to dismiss, such Objection is without merit. *See* 28 U.S.C. § 1915(e)(2) (providing that a "court shall dismiss the case at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); *Powell v. Hoover*, 956 F.Supp. 564, 566 (M.D. Pa. 1997) (holding that 28 U.S.C. § 1915 is not limited to prisoner suits).

219 (1988) in support of his Objections to the R&R's recommended dismissal of Judge Geroulo is misplaced. The Supreme Court in *Forrester* re-affirmed the long-standing and well-established principle of judicial immunity for "the adjudicative function" which "requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have." 484 U.S. at 227. The Court's decision in *Forrester* was expressly limited to the circumstance where a judge engages in administrative rather than judicial conduct such as occurred in *Forrester* where the Court held that a state court judge did not have absolute immunity in a suit brought by a probation officer who alleged the state court judge's decision to demote and dismiss her was unlawful sex discrimination. A review of the Michell's Complaint shows the actions of which he complains with respect to Defendant Geroulo are actions that, on their face, were undertaken within the scope of Judge Geroulo's adjudicative function.

2. The R&R (Doc. 4) is **ADOPTED** for the reasons set forth therein.
3. The claims against defendant Judge Vito Geroulo are **DISMISSED WITH PREJUDICE** for the reasons set forth in the R&R.
4. The case is **REMANDED** to Magistrate Judge Saporito for further proceedings consistent with this Order.

Robert D. Mariani
United States District Judge