## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNIE MICKELL,

     Plaintiff,

     v.

JUDGE VITO P. GEROULO, et al.,

     Defendants.

CIVIL ACTION NO. 3:19-cv-01730

(SAPORITO, M.J.)

## **MEMORANDUM**

This federal civil rights action was commenced on October 4, 2019, when the *pro se* plaintiff, Johnnie Mickell, lodged the complaint with the Clerk of Court for filing. (Doc. 1.) Mickell has been granted leave to proceed *in forma pauperis* in this action. (Doc. 3.)

This action represents Mickell's third (at least) challenge to a series of state court convictions and sentences for misdemeanor and summary offenses arising out of incidents that occurred in 2015 and earlier. *See generally Mickell v. Geroulo*, Civil Action No. 3:18-cv-01540, 2019 WL 3484142 (M.D. Pa. July 10, 2019), *report and recommendation adopted by* 2019 WL 3484487 (M.D. Pa. July 31, 2019), *appeal filed*, No. 19-2813 (3d Cir. Aug. 7, 2019); *Mickell v. Police Dep't of Scranton*, Civil Action No. 3:16-cv-00291, 2017 WL 4532160 (M.D. Pa. Mar. 10, 2017), *report and*

*recommendation adopted by* 2017 WL 4516748 (M.D. Pa. Oct. 10, 2017).[1] In this case, Mickell does not challenge the convictions or sentences themselves, but he instead alleges that, in 2018 and 2019, the defendants conspired to falsify state court records to inflate the total balance of fines and costs he owed for these and earlier convictions, dating back to 2002, and to preclude the reinstatement of his driver's license by the state department of transportation. For relief, the complaint has requested an award of damages only. It does not request any form of injunctive relief.

On October 30, 2019, the Court *sua sponte* dismissed the plaintiff's claims against one defendant on absolute judicial immunity grounds— the Honorable Vito P. Geroulo, one of several common pleas judges who presided over Mickell's myriad criminal proceedings. *Mickell v. Geroulo*, No. 3:19-cv-01730, 2019 WL 5622696 (M.D. Pa. Oct. 8, 2019) (Doc. 4), *report and recommendation adopted by* 2019 WL 5618776 (M.D. Pa. Oct. 30, 2019) (Doc. 10). The two remaining defendants—Mauri B. Kelly, the clerk of judicial records for the Lackawanna County Court of Common

---

[1] Since commencing this action, Mickell has filed a *fourth* action involving these same claims and defendants. *See Mickell v. Geroulo*, No. 3:20-cv-00709 (M.D. Pa. filed Apr. 29, 2020). That action remains pending on a report and recommendation that it be dismissed *sua sponte* as frivolous, malicious, and for failure to state a claim.

Pleas, and Catherine Kacer, a collections officer with the clerk's office for the Lackawanna County Court of Common Pleas—have appeared through counsel and moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 28.) That motion is fully briefed and ripe for disposition. (*See* Doc. 35; Doc. 40.)

## I.   LEGAL STANDARDS

### A. Rule 12(b)(6) Dismissal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial

notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## B. *Sua Sponte* Dismissal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an action brought *in forma pauperis* if it is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or if it seeks monetary relief against a defendant who is immune from such relief, *id.* § 1915(e)(2)(B)(iii).[2] Under this statute,

---

[2] The statute also requires dismissal for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but the defendants here have moved for that same relief under Rule 12(b)(6).

an *in forma pauperis* action may be dismissed *sua sponte* for these reasons "at any time," before or after service of process. *See* 28 U.S.C. § 1915(e)(2); *Walker v. Sec. Office of SCI Coal Twp.*, No. 3:CV-08-1573, 2010 WL 1177338, at *4 (M.D. Pa. Mar. 25, 2010).

An action is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F. Supp. 2d at 639. Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *See Denton*, 504 U.S. at 32–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. A district court is further permitted, in its sound discretion, to dismiss a claim "if it determines that the claim is of little or no weight, value, or

importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089.

An action is malicious when it evidences subjective intent by the plaintiff at the time of filing "to vex, injure or harass the defendant." *Id.* at 1086; *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995). "A complaint is 'malicious' when it contains allegations which the plaintiff knows to be false, it is part of a longstanding pattern of abusive and repetitive lawsuits, or it contains disrespectful or abusive language." *Trader v. R.S.*, No. 11-0039, 2011 WL 1666931, at *2 (E.D. Pa. May 2, 2011); *see also Abdul-Akbar*, 910 F. Supp. at 999.

Finally, the *in forma pauperis* statute mandates that a court "shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

## II.  DISCUSSION

One of the three defendants, Judge Geroulo, has already been dismissed from this action on the basis of absolute judicial immunity. Both of the two remaining defendants are state court personnel. Defendant Kelly is the clerk of judicial records for the Lackawanna

County common pleas court. The plaintiff alleges that she, together with defendant Geroulo, somehow acted[3] in August 2018 to prevent him from obtaining reinstatement of his driver's license, which had been suspended for one year due to a DUI conviction. Defendant Kacer is a collections officer with the clerk's office for the Lackawanna County common pleas court. The plaintiff alleges that she, together with defendant Geroulo, somehow acted[4] in June 2017 to reinstate various criminal fines that had previously been disposed of by another judge.

As noted above, Judge Geroulo has been dismissed from this case because, as a judicial officer acting in the performance of his duties, he is immune from suit. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772–73 (3d Cir. 2000 (holding that court administrator was entitled to immunity for release of information ordered by a judge); *Lockhart v. Hoenstine*, 411

---

[3] The complaint is less than entirely clear what conduct by Kelly is alleged.

[4] Once again, the complaint is less than entirely clear what conduct by Kacer is alleged.

F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see also Marcedes v. Barrett*, 453 F.2d 391, 391–92 (3d Cir. 1971) (per curiam) (holding that quasi-judicial immunity applied to clerk of courts, a supervisor in the office of the clerk, an administrative assistant to the court's president judge, and a court reporter); *Henig v. Odorioso*, 385 F.2d 491, 494 (3d Cir. 1967) (holding that judiciary employees executing judicial orders are immune from suit); *Davis v. Philadelphia Cty.*, 195 F. Supp. 2d 686, 688 (E.D. Pa. 2002) (holding that quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters).

Here, the conduct alleged was clearly within the scope of Kelly's and Kacer's official duties as clerk of judicial records and collections officer, respectively. In both instances, the alleged actions by Kelly and Kacer were clearly ministerial tasks done in execution of judicial orders

of conviction and sentence. Therefore, these defendants are entitled to absolute immunity from suit as quasi-judicial officers, and the plaintiff's claims against them should be dismissed as legally frivolous. *See Henig*, 385 F.2d at 494 (affirming dismissal of claims against court employees executing judicial orders, and thus entitled to quasi-judicial immunity, as frivolous); *Davis v. Waldron*, No. 02-CV-4519, 2003 WL 22100879, at *1 (E.D. Pa. July 30, 2003) (dismissing claims against clerk of court and other court officials entitled to quasi-judicial immunity as frivolous); *Davis*, 195 F. Supp. 2d at 688 (dismissing claims against clerk of judicial records as "lack[ing] an arguable basis in law").

Accordingly, the plaintiff's claims against defendants Kelly and Kacer will be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for seeking monetary relief against defendants who are immune from such relief, pursuant to  28 U.S.C. § 1915(e)(2)(B)(iii). To the extent these claims are dismissed for failure to state a claim, they are dismissed *without* leave to amend, as any amendment clearly would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.

2002).

In addition, in light of his litigation history before this Court, we find that the plaintiff's complaint in this action is also maliciously filed. A court considering whether an action is malicious must determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch*, 67 F.3d at 1086. Repetitive litigation is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. *See Kennedy v. Getz*, 757 Fed App'x 205, 207–08 (3d Cir. 2018) (per curiam); *Fiorani v. Hewlett Packard Corp.*, 547 Fed App'x 103, 105 (3d Cir. 2013) (per curiam). "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and alteration omitted); *see also Daley v. U.S. Attorneys Office*, 538 Fed. App'x 142, 144 (3d Cir. 2013) (complaint was malicious where it repeated claims that were unsuccessfully litigated twice previously); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (complaint was malicious were it "duplicate[d] allegations of another pending federal lawsuit by the same plaintiff"); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) ("[A]n IFP complaint that merely repeats

pending or previously litigated claims may be considered abusive and dismissed under the authority of [§ 1915(e)(2)(B)(i)] . . . .").

Here, the complaint is largely duplicative of earlier, unsuccessful efforts to secure an award of damages arising out of the same underlying state criminal proceedings and fines. *See Mickell v. Geroulo*, No. 3:18-cv-01540, 2019 WL 3484142 (M.D. Pa. July 10, 2019) (recommending dismissal with prejudice), *report and recommendation adopted by* 2019 WL 3484487 (M.D. Pa. July 31, 2019), *aff'd per curiam*, 794 Fed. App'x 223 (3d Cir. 2019); *Mickell v. Police Dep't of Scranton*, No. 3:16-cv-00291, 2017 WL 4532160 (M.D. Pa. Mar. 10, 2017), *report and recommendation adopted by* 2017 WL 4516748 (M.D. Pa. Oct. 10, 2017). The plaintiff's intent to vex or harass these defendants is further underscored by his commencement of a subsequent lawsuit concerning the very same claims. *See Mickell v. Geroulo*, No. 3:20-cv-00709 (M.D. Pa. filed Apr. 29, 2020). We also note the plaintiff's proclivity to file multiple appeals in each case, often from unappealable interlocutory orders.

Accordingly, the plaintiff's claims against defendants Kelly and Kacer will also be dismissed as repetitive, and thus malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III.   CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (Doc. 28) will be granted, and the plaintiff's claims against defendants Kelly and Kacer will be dismissed as malicious and legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for seeking monetary relief against defendants who are immune from such relief, pursuant to  28 U.S.C. § 1915(e)(2)(B)(iii), and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

An appropriate order follows.


Dated: June 10, 2020                    ***s/Joseph F. Saporito, Jr.***
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge