UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNIE MICKELL, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-cv-01730 |
| v. | (SAPORITO, M.J.) |
| JUDGE VITO P. GEROULO, et al., | |
| Defendants. | |

## **MEMORANDUM**

This federal civil rights action was commenced on October 4, 2019, when the *pro se* plaintiff, Johnnie Mickell, lodged the complaint with the Clerk of Court for filing. (Doc. 1.) Mickell has been granted leave to proceed *in forma pauperis* in this action. (Doc. 3.)

This action represents the third challenge by Mickell to a series of state court convictions and sentences for misdemeanor and summary offenses arising out of incidents that occurred in 2015 and earlier. *See generally Mickell v. Geroulo*, Civil Action No. 3:18-cv-01540, 2019 WL 3484142 (M.D. Pa. July 10, 2019), *report and recommendation adopted by* 2019 WL 3484487 (M.D. Pa. July 31, 2019), *appeal filed*, No. 19-2813 (3d Cir. Aug. 7, 2019); *Mickell v. Police Dep't of Scranton*, Civil Action No. 3:16-cv-00291, 2017 WL 4532160 (M.D. Pa. Mar. 10, 2017), *report and*

*recommendation adopted by* 2017 WL 4516748 (M.D. Pa. Oct. 10, 2017).[1] In this case, Mickell did not challenge the convictions or sentences themselves, but he instead alleged that, in 2018 and 2019, the defendants conspired to falsify state court records to inflate the total balance of fines and costs he owed for these and earlier convictions, dating back to 2002, and to preclude the reinstatement of his driver's license by the state department of transportation.

On October 30, 2019, the Court *sua sponte* dismissed the plaintiff's claims against one defendant—the Honorable Vito P. Geroulo, a state common pleas judge who presided over Mickell's criminal proceedings—for failure to state a claim, based on absolute judicial immunity. *Mickell v. Geroulo*, No. 3:19-cv-01730, 2019 WL 5622696 (M.D. Pa. Oct. 8, 2019) (Doc. 4), *report and recommendation adopted by* 2019 WL 5618776 (M.D. Pa. Oct. 30, 2019) (Doc. 10). On June 10, 2020, we dismissed the plaintiff's claims against the two remaining defendants—Mauri B. Kelly, the clerk of judicial records for the Lackawanna County Court of Common Pleas,

---

[1] Since commencing this action, Mickell has filed a *fourth* action involving these same claims and defendants. *See Mickell v. Geroulo*, No. 3:20-cv-00709 (M.D. Pa. filed Apr. 29, 2020). That action remains pending on a report and recommendation that it be dismissed *sua sponte* as frivolous, malicious, and for failure to state a claim.

and Catherine Kacer, a collections officer with the clerk's office for the Lackawanna County Court of Common Pleas—as legally frivolous and for failure to state a claim, based on absolute quasi-judicial immunity, and as malicious, based on the repetitive nature of this litigation. (Doc. 79; Doc. 80.)

Kelly and Kacer have moved for sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure on the basis that Mickell's claims lack any factual or legal basis, and on the basis of Mickell's prior history of abusive *pro se* litigation in this Court. (Doc. 62.) The motion is fully briefed and ripe for decision. (Doc. 63; Doc. 68; Doc. 74.)

As a preliminary issue, the Court notes that the Rule 11(c) motion for sanctions was filed by defendants Kelly and Kacer on April 24, 2020. (Doc. 62). In observance of this rule's unique 21-day "safe harbor" provision,[2] a pre-filing copy of the motion was served on the plaintiff on March 28, 2020. (Doc. 62-1.)

Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at

---

[2] *See generally* Fed. R. Civ. P. 11(c)(2); *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008).

least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In doing so, the

> attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

To satisfy the affirmative duty imposed by Rule 11, an attorney or party must inquire into both the facts and the law before filing papers with the court. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 545 (1991); *Napier v. Thirty or More Unidentified Federal*

*Agents*, 855 F.2d 1080, 1091 (3d Cir. 1988). This requirement applies equally to "attorneys, parties represented by attorneys, and parties who appear pro se." *Bus. Guides*, 498 U.S. at 545.

"The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances, with reasonableness defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citation omitted). This objective standard applies both to attorneys and to *pro se* litigants, although "what is objectively reasonable for a pro se litigant and for an attorney may not be the same." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters. Inc.*, 892 F.2d 802, 811 (9th Cir. 1989), *aff'd*, 498 U.S. 533 (1991); *see also* Fed. R. Civ. P. 11 advisory committee note (1983) ("Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations."); *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990) (per curiam) ("Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's

*pro se* status when it determines whether the filing was reasonable."); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987) ("We recognize that pro se complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories.").

The Court may impose an appropriate sanction on a party that has violated Rule 11(b). Fed. R. Civ. P. 11(c)(1). Both monetary and non-monetary sanctions are authorized. Fed. R. Civ. P. 11(c)(4). But the primary purpose of Rule 11 is the correction or deterrence of abuses of the legal system. *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). Thus, Rule 11 sanctions are appropriate only if "the filing of the complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). Moreover, "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*; *see also Doering*, 857 F.2d at 194 ("A district court's choice of deterrent is 'appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior.'") (quoting another source).

Here, the plaintiff's claims against defendants Kelly and Kacer have recently been dismissed with prejudice on the grounds that they are malicious, legally frivolous, seek monetary relief against defendants who are immune from such relief, and fail to state a claim upon which relief can be granted. *See Mickell v. Geroulo*, No. 3:19-cv-01730, 2020 WL 3077487 (M.D. Pa. June 10, 2020).[3] In doing so, we held that these defendants, as state court support personnel, are entitled to absolute quasi-judicial immunity, and we noted that "[t]he doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to 'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Id.* at *3 (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)).[4] Indeed, the reason for bringing these claims against Kelly and Kacer in this action appears to Mickell's prior lack of success in seeking damages from Judge Geroulo. Previously in this same action, the plaintiff's claims against Judge Geroulo were dismissed on judicial immunity grounds. *See Mickell v.*

---

[3] (Doc. 79; Doc. 80.)
[4] (Doc. 79, at 8.)

*Geroulo*, No. 3:19-cv-01730, 2019 WL 5622696 (M.D. Pa. Oct 8, 2019) (Doc. 4) (recommending dismissal for failure to state a claim based on absolute judicial immunity), *report and recommendation adopted by* 2019 WL 5618776 (M.D. Pa. Oct. 30, 2019) (Doc. 10). Mickell also brought these same claims against Judge Geroulo in a prior action, which was likewise dismissed for failure to state a claim. *See Mickell v. Geroulo*, No. 3:18-cv-01540, 2019 WL 3484142 (M.D. Pa. July 10, 2019) (recommending dismissal for failure to state a claim), *report and recommendation adopted by* 2019 WL 3484487 (M.D. Pa. July 31, 2019), *aff'd per curiam*, 794 Fed. App'x 223 (3d Cir. 2019). In an earlier lawsuit asserting related claims against other defendants, Mickell unsuccessfully attempted to obtain a third-party preliminary injunction on the same basis against Judge Geroulo, who was not a party to that action. *See Mickell v. Police Dep't of Scranton*, No. 3:16-cv-00291, 2017 WL 4532160 (M.D. Pa. Mar. 10, 2017) (recommending denial of motion for preliminary injunction), *report and recommendation adopted by* 2017 WL 4516748 (M.D. Pa. Oct. 10, 2017). Finally, after commencing this action, we note that Mickell asserted substantially the same claims against all three of these same defendants—Geroulo, Kelly, and Kacer—in a subsequent action in which

we recently recommended dismissal of all claims against them as abusive and repetitious, and thus malicious. *See Mickell v. Geroulo*, No. 20-cv-00709, slip op. (M.D. Pa. June 5, 2020) (recommending dismissal as malicious).

We also note that the plaintiff has a demonstrated history of filing frivolous lawsuits and appeals in the federal courts, often against immune defendants. *See Mickell v. Lycoming Cty. Cent. Collections Office & Admin.*, No. 4:20-cv-00268, 2020 WL 2045789 (M.D. Pa. Feb. 19, 2020) (recommending dismissal as legally frivolous), *report and recommendation adopted by* 2020 WL 2037149 (M.D. Pa. Apr. 28, 2020), *appeal filed*, No. 20-2020 (3d Cir. May 19, 2020); *Mickell v. Millcreek Police*, No. 1:01-cv-00164, slip op. (W.D. Pa. May 23, 2002) (dismissing claims), *appeal dismissed as frivolous*, No. 20-2627 (3d Cir. Apr. 28, 2003); *Mickell v. Adams*, No. 1:01-cv-00086, slip op. (W.D. Pa. Mar. 27, 2001) (recommending dismissal as legally frivolous), *report and recommendation adopted by* slip op. (W.D. Pa. May 2, 2001); *Mickell v. Reed*, No. 3:92-cv-01503, slip op. (M.D. Pa. Nov. 2, 1992) (recommending dismissal as frivolous), *report and recommendation adopted by* slip op. (M.D. Pa. Nov. 18, 1992), *appeal dismissed as frivolous*, No. 93-7009 (3d

Cir. June 14, 1993); *Mickell v. Raup*, No. 3:92-cv-00413, slip op. (M.D. Pa. Aug. 31, 1992) (recommending dismissal for failure to state a claim), *report and recommendation adopted by* slip op. (M.D. Pa. Sept. 23, 1992).

Notwithstanding the plaintiff's *pro se* status, the filing of the complaint in this action was objectively unreasonable under the circumstances presented. The claims asserted by Mickell in this lawsuit lack any arguable basis in law, and thus they are legally frivolous. His factual allegations are fanciful at best. Moreover, the circumstances of this litigation, particularly in light of the several other lawsuits brought by Mickell against both these and other defendants, suggest that this action was brought with the intent to harass or needlessly impose the cost of litigation on the defendants. Therefore, we find the imposition of Rule 11 sanctions to be appropriate.

The moving defendants request sanctions in the form of an award of attorney fees and costs incurred by the defendants in defending this suit, plus the imposition of a pre-filing injunction prohibiting the plaintiff from future filings. Although the plaintiff has clearly exhibited malicious and contumacious conduct with his repetitious and abusive filings, we do not believe a pre-filing injunction is warranted based on the handful of

frivolous actions he has filed to date, most of which were concluded more than a decade ago. *See Gonzalez v. Feiner*, 131 Fed. App'x 373, 378–79 (3d Cir. 2005) (per curiam) (vacating pre-filing injunction based on plaintiff's history of filing six frivolous cases over a 10-year period).

Although Mickell is indigent, monetary sanctions are still available. "As a general rule, courts are reluctant to impose monetary sanctions against a litigant proceeding in forma pauperis, reserving sanctions for cases in which the litigant's conduct is malicious or deliberately vexatious." *Mousel v. Knutson Mortgage Corp.*, 823 F. Supp. 658, 663 (D. Minn. 1993). In this case, we have already found—and we reiterate here—that Mickell's conduct in litigating this action has been malicious and deliberately vexatious. Based on his history of litigation before this and other federal courts, absent sanctions, Mickell reasonably can be expected to file additional actions in this court, including against these same defendants. Mickell's ability to pay is merely a factor in determining the appropriate amount of any monetary sanction imposed. *See Doering*, 857 F.2d at 195–96; *see also Johnson v. Dencek*, 868 F.2d 969, 970 (7th Cir. 1989) (per curiam) ("[N]ot all litigants proceeding *in forma pauperis* are destitute; many could pay $50 and feel the smart,

giving the Rule force even in such cases.").

In his application to proceed *in forma pauperis*, Mickell indicated that his only sources of income are federal and state disability benefits, totaling approximately $800 per month. Mickell further indicated that he possesses no assets whatsoever of significant value. While some sanction is clearly warranted—and necessary as a deterrent to further abusive litigation—awarding the defendants their costs of litigation and reasonable attorney fees *in toto* would be excessive under the circumstances.[5]

Accordingly, the defendants' motion for Rule 11 sanctions (Doc. 62) will be granted, and we will impose a sanction of $200—half the amount of filing fees typically due upon commencement of a federal civil action—which is to be paid directly to the moving defendants to offset the costs and attorney fees they have incurred in defending this action. We will impose this sanction in the form of a monetary judgment against the

---

[5] We note also that "Rule 11 is not a fee-shifting mechanism and does not create an entitlement in adverse parties to compensatory damages or attorney's fees. Rather it is intended 'to maintain the integrity of the system of federal practice or procedure.'" *Estate of Calloway v. Marvel Entm't Grp.*, 9 F.3d 237, 241 (2d Cir. 1993) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990), and quoting *Bus. Guides*, 498 U.S. at 552) (citation omitted).

plaintiff and in favor of the moving defendants. The plaintiff should be aware that he also will be liable for interest on the judgment from the date of entry, if it is not promptly paid. *See* 28 U.S.C. § 1961; *Estate of Calloway v. Marvel Entm't Grp.*, 9 F.3d 237, 241–42 (2d Cir. 1993).

The plaintiff is further admonished that, before filing any future federal civil action, he is required by the federal rules to undertake (and certify that he has undertaken) a reasonable pre-filing inquiry to determine whether he has a non-frivolous factual and legal basis for the claims he intends to assert in his complaint. *See* Fed. R. Civ. P. 11. Any future abusive or frivolous litigation may expose him to further sanctions, both monetary and non-monetary.

An appropriate Order follows.

Dated: June 12, 2020              ***s/Joseph F. Saporito, Jr.***
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge